IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Dewberry, ) | Case No. 5:21-cv-1543-RMG |
| ) | |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Warden Charles Burton, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 50) recommending that Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied. As set forth below, the Court adopts the R&R as the order of the Court, grants Respondent's motion for summary judgment, and denies Petitioner's motion for summary judgment.

I.  **Background**

Petitioner, proceeding pro se and in forma pauperis, is an inmate in the custody of the South Carolina Department of Corrections and is presently confined at the McCormick Correctional Institution. Petitioner brings this petition for habeas corpus pursuant to 28 U.S.C. § 2254.

On September 10, 2021, Respondent moved for summary judgment. (Dkt. No. 27). In response, on May 13, 2022, Petitioner filed a cross motion for summary judgment, (Dkt. No. 43), which Respondent opposes, (Dkt. No. 48).

On July 22, 2022, the Magistrate Judge filed an R&R recommending that Respondent's motion for summary judgment be granted and Petitioner's denied. (Dkt. No. 50). Petitioner's objections to the R&R were initially due August 5, 2022. The Court, however, twice extended the deadline for Petitioner to file objections to the R&R. (Dkt. Nos. 53, 57). Petitioner's objections to

the R&R were thus due November 4, 2022. To date, Petitioner has not filed objections to the R&R.

The parties' respective motions are fully briefed and ripe for disposition.

## II. Legal Standards

### a. Pro Se Pleading Standard

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### III. Discussion

Because Petitioner did not file objections to the R&R, the R&R is reviewed for clear error.

After a thorough review of the R&R, the applicable law, and the record of this case, the Court finds that the Magistrate Judge applied sound legal principles to the facts here and therefore agrees with and wholly adopts the R&R as the order of the Court. As found by the Magistrate Judge, Petitioner's petition for habeas relief must be denied. As explained in the R&R, Petitioner's Ground One is procedurally barred because it was not ruled on by the PCR court and was not preserved for review. (Dkt. No. 50 at 21-22). And as to grounds Two through Five, the Magistrate Judge correctly determined Petitioner was not entitled to relief on the merits for the reasons explained in detail therein. (*Id.* at 22-32).

### IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; see also Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A petitioner may satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

### V.  Conclusion

As set forth above, the Court **ADOPTS** the R&R (Dkt. No. 50) as the order of Court, grants Respondent's motion for summary judgment (Dkt. No. 27), and denies Petitioner's cross motion for summary judgment (Dkt. No. 43).  The Clerk is directed to close this case.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

November 15, 2022  
Charleston, South Carolina